By the Court.—Freedman, J.
This action is for the conversion of certain bonds belonging to the plaintiff which were stolen from it. The defendants claim to have purchased the bonds, bona fide, in open market, and for full value. The issues were tried by the court and a jury on December 6, 1882, and a verdict was directed in favor of the plaintiff for the sum of $2,496.45, subject to the opinion of the court at general term.
The case was argued at the general term March 9,1883,* and thereupon j udgment absolute ordered for the plaintiff upon the verdict on the ground that the defendants had failed to show that in purchasing the bonds they parted with a valuable consideration.
The defendants then moved at special term for á new trial, in order to be enabled to prove, as matter of fact, that they did actually pay a valuable consideration on the faith of the bonds and the amount thus paid ; and the alleged *248 grounds of the motion were surprise, inadvertence and excusable neglect, in consequence of which the defendants failed at the trial to prove the facts referred to as they should, and could have proved them. The motion was denied, and the present appeal is from the order of denial.
In view of the circumstance, that the facts sought to be proven upon a new trial were directly involved in the main issue litigated upon the former trial, and, if they existed, should have been then and there established, it is a serious question whether the motion was not too late in any aspect of the case. It is for the interests of the public that controversies should come to an end, and hence, if a party having an election to pursue one of several courses, adopts one of them at a stage of the litigation at which the election must be made, he is deemed to have waived all others. Controversies never would come to an end, if this rule were net enforced. Hence a new trial is not granted, simply because, after and in consequence of the action of the general term, it is ascertained that by inadvertence or neglect a mistake was made at the trial, or a surprise suffered, which, had it been known how the general term-would decide the law of the case, might have been guarded against
But in view of the serious consequences involved, I deemed it best to review and pass upon the merits of the motion made below..
The motion was substantially made on mere affidavits, and the pleadings of the action, for although the order to show cause gave both parties liberty to use, on the hearing, the minutes taken by the stenographer on the trial, the said minutes contained nothing of value to the moving parties; and the claim of surprise, inadvertence and excusable neglect was sought to be substantiated by the statement resting almost exclusively upon the affidavit of defendant’s counsel, that he, the.said counsel, omitted at the trial to prove the actual payment of a valuable consideration on the faith of the bonds, and the amount thereof, in consequence of statements made by plaintiff s counsel to the effect that he (plaintiffs counsel) did not attack the good *249 faith of the defendants: If this statement had been made as alleged, it would not have availed the defendants, for they had no right to be misled thereby, inasmuch as good faith and the actual payment of value on the faith of the bonds, were both necessary to the establishment of their defense, and because plaintiff’s counsel was under no duty to inform the defendants specifically and accurately as to the exact requirements of their defense. But the plaintiff showed, by an overwhelming number of opposing affidavits, that the statement was not made as claimed, and that what was said was of such a character as to afford no ground whatever for complaint.
It has also been insisted that defendants’ counsel was misled at the trial by the action of the trial judge in ordering a verdict, subject to the opinion of the court at general term. This claim is equally untenable. Both sides had given all the testimony they wished, and there was no intention on the part of the judge of putting the case in a position where either side would waive any right or question. If either side thought that the disposition made involved a sacrifice of some right or advantage, the attention of the court should have been called to it, and a request should have been made for a different disposition. But nothing of this kind was done.
Moreover, the counsel for the defendants started, at the trial, to prove the payment of value on the faith of the bonds and the amount thus paid. He did so by means of a witness who, in the end, was forced to admit that personally he knew nothing of these facts, in consequence of which admission his testimony upon these points was stricken out, upon motion, as hearsay. This was quite a forcible reminder to defendants’ counsel to bring forth legal evidence, if he had any.
• And finally it clearly appears that, throughout the trial, the counsel for the defendants acted upon the assumption that the burden was on the plaintiff to prove that the defendants did not act in good faith, and did not pay a *250 valuable consideration on the faith of the bonds. He therefore put in only so much testimony as he thought necessary under his theory. The plaintiff’s counsel, on the other hand, contended that all he had to prove was the ownership of the bonds and their larceny. He made no concessions, and waived no right which the plaintiff might claim upon the "evidence, though the greatest stress may have been laid on the claim which the general term ignored, that the defendants purchased the bonds after maturity. Certain it is, however, that before the general term, upon the case as made by the evidence, the question relating to the burden of proof was sharply litigated by both parties. The general term sustained the contention of plaintiffs’ counsel as to the burden of proof, and holding that there was no evidence on the part of the defendants that they liad paid a valuable consideration on the faith of the bonds, ordered judgment absolute for the plaintiff. upon the verdict. To grant a party a new trial after such determination in order to enable him to give proof of what, upon the first trial, he considered and treated as immaterial and irrelevant, though involved in the issues, would not be sanctioned by authority, but, on the contrary, would establish a dangerous precedent.- For in every such case- the party must be h.eld bound by the course pursued by his counsel. If the rule were otherwise, all a defeated party would have to do in order to obtain a new trial, would be to retain new counsel and start a new theory.
There having been no surprise, inadvertence or excusable neglect at the trial within the rules applicable to a motion for a new trial, the motion was properly denied. It was neither then made to appear, nor does it appear now, that the court and the counsel on both sides had assumed, and on the trial had acted upon the assumption, that the defendants had parted with full value on the faith of the bonds. 'Besides no case can be found in which an appellate court, assumed a fact to exist for the purpose of reversing a judgment.
*251 The order appealed from must be affirmed, with costs and disbursements.
O’Gorman, J., concurred.

 See 49 Super. Ct. 338.